# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  56784-9-II |
| Respondent, | |
| v. | |
| BERT LEE WIDMER, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Bert L. Widmer appeals the sentence imposed following resentencing.  Widmer argues that the superior court improperly included a California conviction in his offender score because the California conviction is not comparable to a Washington felony.  The State concedes that the California conviction is not comparable to a Washington felony.  We accept the State's concession.

Widmer also argues that the superior court was bound by principles of collateral estoppel and res judicata to follow the original sentencing judge's determination that some of Widmer's current convictions should be scored as the same criminal conduct.  We disagree.  Because Widmer's motion to vacate the judgment and sentence was granted, there was no binding final judgment and the principles of collateral estoppel and res judicata do not apply.  Therefore, at resentencing, the superior court was not bound by any prior same criminal conduct finding in this case.

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

FACTS

In 2006, Widmer was charged with first degree rape, first degree burglary, and first degree robbery. A jury found him guilty of all three charges. The superior court calculated Widmer's offender score as nine and imposed a standard range sentence of 277 months to life. Widmer had the following criminal history:

- a Texas conviction for aggravated first degree robbery

- a California conviction for second degree commercial burglary

- a Nevada conviction for possession of a controlled substance—methamphetamine

- a Nevada conviction for attempted possession of a stolen vehicle

At sentencing, the trial court found that Widmer's current burglary and robbery convictions were the same criminal conduct.

In 2021, Widmer filed a CrR 7.8 motion to vacate his judgment and sentence and for resentencing based on our Supreme Court's decision in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). Widmer asserted that his offender score should be calculated as 6 points on the first degree rape conviction: 2 points for the Texas robbery conviction, 1 point for the California commercial burglary conviction, 1 point for the Nevada attempted possession of a stolen vehicle, and the current burglary and robbery convictions should be considered the same criminal conduct and scored as 2 points for a current violent felony conviction.

The superior court granted Widmer's CrR 7.8 motion to vacate his judgment and sentence and ordered a resentencing. At the resentencing hearing, the parties expressed confusion at certain inconsistencies in the original judgment and sentence.

At resentencing, the superior court calculated Widmer's offender score as 8 points. The superior court scored 2 points for the Texas robbery conviction, 1 point for the California commercial burglary conviction, and 1 point for the Nevada attempted possession of a stolen vehicle conviction. The superior court also found the current robbery and the burglary convictions were not the same criminal conduct and scored 2 points for each conviction. The superior court imposed a high-end standard sentence of 277 months to life.

Widmer appeals.

## ANALYSIS

Widmer argues that the superior court erred by improperly including his prior California conviction for commercial burglary and by making an independent determination that his current burglary and robbery convictions were not the same criminal conduct. The State concedes that Widmer's California commercial burglary conviction is not comparable to a Washington felony and should not be included in Widmer's offender score. We accept the State's concession with regard to Widmer's prior California conviction for commercial burglary. However, we disagree with Widmer's argument regarding the superior court's same criminal conduct determination. Because the superior court granted Widmer's motion to vacate his judgment and sentence, the superior court was not bound by any prior same criminal conduct finding.

A. COMPARABILITY

Widmer argues that the superior court erred in including his California conviction for commercial burglary in his offender score because the offense is neither factually or legally comparable to a Washington felony. The State concedes that the California conviction is not comparable to a Washington felony. We accept the State's concession.

An out-of-state conviction will be included in a defendant's offender score if the State proves that the out-of-state offense is comparable to a Washington felony. *State v. Davis*, 3 Wn. App. 2d 763, 771, 418 P.3d 199 (2018). If the elements of the out-of-state conviction are identical to or narrower than the elements of the Washington offense, then the out-of-state conviction is legally comparable and will be included in the offender score. *Id.* If the statute defining the out-of-state conviction is broader than the relevant Washington statute, then the court determines whether the out-of-state conviction is factually comparable such that the conduct underlying the out-of-state offense would have violated the relevant Washington statute. *Id.* at 771-72. When determining factual comparability, the "court considers 'only facts that were admitted, stipulated to, or proved beyond a reasonable doubt.'" *Id.* at 772 (quoting *State v. Olsen*, 180 Wn.2d 468, 478, 325 P.3d 187, *cert. denied*, 574 U.S. 912 (2014)).

Here, Widmer pleaded no contest to second degree commercial burglary in violation of Cal. Penal Code § 459. The State concedes that Widmer's California commercial burglary conviction should not be included in his offender score. Cal. Penal Code § 459 is not legally comparable to a Washington offense. *Id.* at 776. Further, the record before us does not establish the facts underlying Widmer's offense. Accordingly, we accept the State's concession.[1]

B.      SAME CRIMINAL CONDUCT FINDING

Widmer argues that the superior court was bound by the finding at his original sentencing that Widmer's current convictions for burglary and robbery were the same criminal conduct.

---

[1] Because we accept the State's concession, we do not address Widmer's claim that his counsel was ineffective for failing to object to inclusion of the California commercial burglary in his offender score.

Specifically, Widmer argues that principles of collateral estoppel and res judicata apply. We disagree.

"Collateral estoppel and res judicata are equitable doctrines that preclude relitigation of already determined causes." *Weaver v. City of Everett*, 194 Wn.2d 464, 472-73, 450 P.3d 177 (2019). "'Collateral estoppel' 'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *Id*. at 473 (internal quotation marks omitted) (quoting *State v. Dupard*, 93 Wn.2d 268, 273, 609 P.2d 961 (1980)). "Res judicata precludes relitigation of an entire claim when a prior proceeding involving the same parties and issues culminated in a judgment on the merits." *Id*. at 480.

Here, there was no final judgment on the merits. Prior to resentencing, the superior court granted Widmer's CrR 7.8 motion to vacate his judgment and sentence. Once the judgment and sentence was vacated there was no final judgment and, therefore, the principles of collateral estoppel and res judicata could not apply. *State v. Harrison*, 148 Wn.2d 550, 561-62, 61 P.3d 1104 (2003). Because the principles of collateral estoppel and res judicata did not apply, the superior court was not bound by the original sentencing court's decision on same criminal conduct.

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.[2]

---

[2] Widmer also argues that discretionary community custody supervision fees should be stricken from his judgment and sentence. The State concedes that the resentencing court should not have imposed discretionary community custody supervision fees. The legislature has recently amended RCW 9.94A.703, removing the superior court's authorization to impose community custody supervision fees. Laws of 2022, ch. 29, § 8. The trial court should apply whatever law regarding legal financial obligations is in effect at the time of Widmer's resentencing.

No. 56784-9-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Glasgow, C.J.

Che, J.

6